UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-CV-07555-SVW-CW | Date | March 19, 2015 |
|---|---|---|---|
| Title | Yagman et al. v. Cornell Companies Inc., et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER GRANTING IN PART [127] MOTION for Rule 72 Review

### I. Background and Introduction

On January 20, 2015, plaintiff Stephen Yagman ("Yagman") filed his First Amended Complaint ("FAC"). (Dkt. 99.) On February 12, 2015, the Honorable Magistrate Judge Carla Woehrle issued an Order declaring numerous motions moot in light of Yagman's FAC. The motions declared moot include two motions for summary adjudication (Dkts. 19 & 78), eight motions for sanctions (Dkts. 35, 36, 37, 59, 67, 68, 69, and 96), and an *ex parte* application to either compel defense counsel to participate in a Rule 26(f) meeting or opening discover (Dkt. 77). *See* (Dkt. 121: February 12, 2015 Order). The February 12 Order also summarily denied a motion for sanctions (Dkt. 117).

Presently before the Court is Yagman's motion for reconsideration of the Magistrate Judge's February 12 Order to the extent that it rules on the assorted motions for sanctions, for summary adjudication, and *ex parte* application described above. For the reasons described below, the Court GRANTS IN PART Yagman's motion.

### II. Discussion

#### A. Legal Standard

Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1 allow the Court to review an order made by the magistrate judge on a non-dispositive motion, upon a Motion for Reconsideration by one of the parties. Fed. R. Civ. Proc. 72(a). The Court will only set aside a magistrate judge's ruling if the objection party shows either that the ruling was "clearly erroneous" or that it was "contrary to law." 28

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-CV-07555-SVW-CW | Date | March 19, 2015 |
|---|---|---|---|
| Title | Yagman et al. v. Cornell Companies Inc., et al. | | |

U.S.C. § 636(b); *see also Blount v. City of Los Angeles*, No. CV 13-08672 DDP AGRX, 2014 WL 6966051, at *1 (C.D. Cal. Dec. 8, 2014). The court applies the clearly erroneous standard to the magistrate judge's factual findings and the contrary to law standard to the magistrate judge's legal conclusions, which it reviews de novo. *Id.*

### B. Application

"[I]t is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent. Once amended, the original no longer performs any function as a pleading[.]" *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998) *aff'd and adopted*, 248 F.3d 915 (9th Cir. 2001) (quoting *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir.1956) (internal citations omitted)). However, a collateral matter, such as a motion for sanctions, is not affected by the filing of an amended pleading. *See Blake v. Blue Shield of California Severance Plan*, No. C 06-1582 MMC, 2006 WL 889429, at *1 n.2 (N.D. Cal. Apr. 6, 2006) (stating that the defendant's motion for sanctions remained on calendar as scheduled, notwithstanding the subsequent filing of a first amended complaint).

The Court finds contrary to law the Magistrate Judge's rulings that the motions for sanctions were mooted by Yagman's FAC. These are motions regarding collateral matters not impacted by the FAC's filing. The Court also finds that the Magistrate Judge's ruling regarding Yagman's *ex parte* application was contrary to law. As with the motions for sanctions, this pertained to a collateral matter.

However, the Court cannot say that the Magistrate Judge's ruling that the motions for summary adjudication were clearly erroneous or contrary to law. *See Williams v. Connecticut Gen. Life Ins. Co.*, No. CIV062747PHXRCB, 2008 WL 4183372, at *2 (D. Ariz. Sept. 10, 2008) (finding that the filing of an amended pleading mooted summary judgment motion directed at original complaint).

Additionally, the Court cannot say that the Magistrate Judge's denial of the motion for sanctions against Craig Joel Mariam and Keven E. Whelan (Dkt. 117) was clearly erroneous or contrary to law.

### III. Order

1. For the aforementioned reasons, the Court GRANTS Yagman's motion for reconsideration as to the motions for sanctions (Dkts. 35, 36, 37, 59, 67, 68, 69, and 96) and as to Yagman's *ex parte* application (Dkt. 77). However, the Court DECLINES Yagman's invitation to rule on these motions' merits. Instead, the Court expresses no opinion on these motions' merits and simply DIRECTS the Magistrate Judge to rule on these motions in the first instance.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-CV-07555-SVW-CW | Date | March 19, 2015 |
|---|---|---|---|
| Title | Yagman et al. v. Cornell Companies Inc., et al. | | |

2. For the aforementioned reasons, the Court DENIES Yagman's motion for reconsideration as to the motions for summary adjudication (Dkts. 19 & 78) and as to the denied motion for sanctions (Dkt. 117).

:

Initials of Preparer          PMC